```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                              CRIMINAL NO. 5:06cr14-DCB-JCS

DUSTIN RONALD FORD                                       DEFENDANT

## ORDER

This matter comes before the Court on Dustin Ronald Ford's Motion under 28 U.S.C. § 2255 for Reentry of Judgment to Allow for Timely Notice of Appeal [**docket entry no. 30**]. Having reviewed the motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court orders as follows:

Dustin Ford was charged with one count of car jacking in violation of 18 U.S.C. § 2119. On July 31, 2006, the defendant filed a Motion to Suppress [docket entry no. 17], wherein he brought various constitutional challenges to several post-arrest inculpatory statements. A suppression hearing was held on October 3, 2006, and on October 10, 2006, the Court denied Ford's motion [docket entry no. 20]. The defendant then pled guilty and was sentenced to a 70-month term of imprisonment [docket entry no. 24].

On May 22, 2007, the defendant filed a Motion under 28 U.S.C. § 2255 for Reentry of Judgment to Allow for Timely Notice of Appeal [docket entry no. 30]. Ford argues that his attorney provided him with ineffective assistance in violation of the Sixth Amendment by

failing to file a timely appeal on Ford's behalf.  In an affidavit attached to the motion, the defendant's counsel represents that although his client wished to appeal the Court's October 10, 2006 ruling, counsel failed to timely file the notice of appeal. (Jupiter Aff., at 2.)  It was only when Ford contacted his attorney inquiring about the status of his appeal that counsel realized his mistake.  (Jupiter Aff., at 3.)  The government does not oppose the defendant's § 2255 motion.

Inasmuch as the defendant's counsel failed to file a timely notice of appeal, the Court finds that counsel provided his client with ineffective assistance.  See Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982) ("Failure of counsel to timely file an appeal upon request of the defendant . . . would constitute ineffective assistance of counsel entitling the defendant to post-conviction relief in the form of an out-of-time appeal."), quoted in United States v. West, infra.  The proper remedy for a situation such as this is that the Court should:  (1) dismiss the defendant's § 2255 without prejudice, and (2) reenter the criminal judgment, which will trigger Federal Rule of Appellate Procedure 4(b)(1)(A). See United States v. West, 240 F.3d 456 (5th Cir. 2001) (holding that defendant's § 2255 motion for out-of-time appeal based on ineffective assistance of counsel should have been dismissed without prejudice and the judgment reentered) (citing Mack v. Smith, 659 F.2d 23, 25-26 (5th Cir. 1981)).  See also United States

v. Joubert, 273 F.3d 1099 (5th Cir. 2001) (citing West and ordering district court to reenter judgment).  Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion under 28 U.S.C. § 2255 for Reentry of Judgment to Allow for Timely Notice of Appeal [**docket entry no. 30**] is dismissed without prejudice.

IT IS FURTHER ORDERED that the clerk reenter the defendant's criminal judgment [**docket entry no. 24**].

SO ORDERED this the   22nd   day of August, 2007.


                                         s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE